May it please the Court, Jason Daniel Joffrey with the law firm of Squire Sanders & Dempsey and we're pro bono counsel for the petitioner, Mr. Zuniga-Perez. Your Honor, this case presents, I think, a rather unique issue, whether a pro se defendant's admissions There are no unique issues. As a simple commercial litigator trying to go through these cases, Your Honor, each one is very complicated, as I think we talked about before in the other case. But the issue in this case, Your Honor, is whether a pro se defendant who we contend due process rights were violated in the proceedings, admissions alone can sustain a removability conviction. The important fact here in this case, Your Honors, is that there was not a stitch of evidence presented regarding the conviction and the removal order was based solely on the admissions. Well, let me just say, it doesn't appear from Mr. Zuniga's brief to the BIA that he raised any concerns about whether his conviction was final or whether the IJ violated his due process rights by allowing him to proceed pro se. Hasn't he waived these arguments? Your Honor, I respectfully disagree and I would rely on the line of cases that are cited in Peguillon, for example, that talks about the liberality that is supposed to be afforded to pro se defendants in filing their briefs. I will point out, Your Honor, that in the record, albeit as I say in my brief, inartfully, Mr. Zuniga says that he questioned whether the government proved Mr. Zuniga's crime. He said whether a lack of fact was sufficient to establish removability. He said whether respondents conceded to, and I would argue that's admitted, section 11359 is enough to establish removability. He pointed out that the order was on the basis of an incomplete record and also whether the court abused due process and discretion by prejudicially considering an unsubstantiated conviction. And, Your Honor, I would submit to the court that that at least put the BIA on notice, which is what the case law says, in order to consider these claims. Your Honor, it seems like, and I learned from the other case, not practicing here regularly, that I'll need to fill out a form, but in responding to opposing counsel's 28-J letter, which cites the Perez Mejia case, I came across a Southern District of California case, which does a very nice job. It's from, the site is 2011, U.S. District, Lexus, 96591, and it's from August, so it's very recent, which does a very nice job of talking about Pagayon, Perez Mejia, and Essiong, which are the three cases that really are controlling on this issue. And you will fill out a sheet and give it to opposing counsel and do us? I will, I will do that. Thank you. But that case really establishes how the case here is different, and it's different in many respects. Every case I read and cited in my brief that talks about the admissions of a defendant, there were documents admitted into evidence. There were some documents of the conviction. Now, Your Honors, I had an interesting discussion of the modified categorical approach in the other case and how that impacts that, but the point is that the Code of Federal Regulations, and this is pointed out in the Perez Mejia case, contemplates a two-step process when it comes to the proceedings before the immigration judge, the pleading stage and the evidentiary stage. And the pleading stage, Perez Mejia is a case that I'm not a big fan of, but I think we can draw some distinct parallels here. Perez Mejia was a case where the defendant was represented by counsel and the attorney conceded not only the conviction but conceded removability as required by the Code of Federal Regulations. Here, Mr. Zuniga, the immigration judge, never even asked Mr. Zuniga whether he conceded removability. He asked about some of the charges and also went into the fact about the find out, asked whether he had filed an appeal in his conviction. And, Your Honor, the response was not yet, which gives me some concern and due process concerns. I would also point out, Your Honors, that under the Sanchez-Gonzalez case and also in Perez Mejia, I would point out that at that point the immigration judge left the pleading stage and entered into the evidentiary stage, which kind of impacts the whole other line of Pagillon and all those other cases. But not yet, Your Honor. There is a very powerful line of cases in Pagillon and other cases, which talks about the immigration judge's duty to scrupulously and conscientiously probe all the facts. And when an immigration judge gets a response from a defendant about an appeal and the response is not yet and then basically assumes that a final conviction has occurred, I think that the probing there runs afoul of due process. Well, what's the time limit for filing a notice of appeal? Your Honor, I tried to look that up because I thought you might ask that under California law. I'm not sure. I'm assuming it's 30 days. Based on this record, I don't know that answer, Your Honor. But timing is also another important aspect here in the context of due process. Mr. Zuniga attempted to cross the border on March 16th. He was allegedly convicted on March 19th, issued a notice of appeal on April 22nd, before an immigration judge on May 5th, read his rights on May 5th with 11 other individuals, asked for more time to find an attorney, and came back before the immigration judge on May 27th and was never read his rights again, I may add, which I would argue is another issue with due process because 22 days passed before this individual who must, I believe the quote is, navigate the morass of immigration law is then asked to admit facts that are very detrimental to him. Only really two months passed before the conviction occurred. Now, I do not know the time for the appeal, but the point is, Your Honor, actually the case law says that the answer really isn't relevant. The duty is on the judge to scrupulously probe and inquire as to all facts that may be possible that may give rise to a defense. The same goes, Your Honor, for the second charge, which talks about aiding and abetting trafficking. The proceedings, again, in their totality are very truncated, and Mr. Zuniga-Perez denied that he was an abetter or a trafficker, and he tried to articulate that basically, I'm not a trafficker, this was my first time doing this. Part of the record here, Your Honor, is indiscernible in this regard, but the point is, the immigration judge also didn't probe deeper into that line there. It's like four lines in the record, and then he goes ahead and sustains the charge and orders him removable. So, Your Honor, the point is that in light of Peguillon and Perez-Mejia and S. Yong, it's almost, it's very questionable to basically use the charging document to remove somebody, especially in light of the fact that they were a pro se defendant that arguably didn't understand the charges that were being levied against him. The RAM case stands for the proposition that, especially when a pro se defendant gives perfunctory responses to an immigration judge's questions, that they don't understand what's going on. In addition, Your Honor, I think the record is also not only unclear as to establishing the conviction, but also unclear as to Mr. Zuniga-Perez's waiver of his right to counsel. As I mentioned before, he was given an extension of time to provide counsel, and then when he came back, instead of reading his rights again, the immigration judge asked about whether he wanted to retain counsel. And again, the record is indiscernible as to his reasoning for doing so. And, Your Honor, I would submit that the line of cases starting with RAM and Tejeda talk about that the record needs to be clear that the waiver of counsel was knowing and voluntary. Back on your other issue about the government should produce some evidence of Mr. Zuniga's convictions, and you cited the Plano case and the S. Young v. Holder case. But reading those cases, they seem to be distinguishable here because they involve convictions that would not categorically render the individual removable as it would in this case. You saved the hard question for the end, Your Honor. Was that on purpose? Your Honor, I thought long and hard about that question, and I would. My response is that there's case law that says that the government has to bring forth some evidence of removability, clear and convincing, or some evidence. That's the Plano case, I believe. I'm probably saying that wrong. But, Your Honor, I can't see a – if you were to make that distinction, I can't see a reason that there should be two different tests for a non-divisible versus divisible offense. So, basically, in ruling that that was sufficient, it's about the sufficiency and the knowledge and that there's no issues of law or fact remain as to the conviction. All the cases, Perez-Mejia, Eshiong, Pegayon, the conviction was like the belt and suspenders to the admission. It let the immigration judge know that there was no issue with the conviction here. And all the government said in these entire proceedings was the government weighs. All right. Thank you. Your time is up. Thank you, Your Honor. Thank you. Good morning, once again. My name is Jesse Bless. I represent the Attorney General of the United States. What we have here is a Paradigm Perez-Mejia case. This was a pleading stage case as identified by the immigration judge where, under the regulations, he must ask an alien, whether represented or not, how he pleads to the allegations. Let me just ask, are his statements really part of the evidentiary stage of the proceedings? No. No. And why not? Well, and I don't want to say that statements at all can never be part of the evidentiary stage. But these statements were not. They were identified as part of the pleading. And what the pleading is, is these are the allegations made in the notice to appear. Do you admit or do you deny? And his admission to being convicted of possession of marijuana for sale, that statement alone, it categorically rendered him removable and it removed the evidentiary burden on the government to submit evidence of his conviction. That's Perez-Mejia. And Perez-Mejia, they said it's individually or through counsel. They understood that this could happen in a pro se setting in that case, individually or through counsel. And, you know, Judge Pregerson, you wrote in United States v. Martinez-Rodriguez, which considered this type of conviction, it is categorically a controlled substance offense. And that's a sentencing case. But what's important is it's a drug trafficking offense. And so once we have that admission at the pleading stage to having been convicted, and, again, it was, like Petitioner said, very recent in his memory because it had just occurred, his plea, that the case at that point, as the immigration judge stated, it rendered him removable and ineligible for relief. And he asked him, he went through it with him in each allegation. And we would submit that this is a Perez-Mejia paradigm case. Does Pagheon have any effect on this? I'm just going to answer Judge Nussen's question real quick. What did you say? I'm just going to... Go ahead. No, no. I would just say, doesn't the decision in Pagheon have an effect on this case? Pagheon is an evidentiary stage case. In that case, the IJ was not satisfied by the Petitioner's admissions at the pleading stage. And so they went to the second stage, which is the evidentiary stage, where admissions without corroboration are not sufficient. We don't have that here. We didn't move to stage two, which happened in Pagheon. We ended at stage one. So that's your answer. This is a pleading case in that way. As identified by the immigration judge. Thank you. Do you want to say something? I'd like 20 seconds. Sure. Thank you. I respectfully disagree that this didn't enter the evidentiary stage. Again, the Sanchez-Gonzalez case goes through that, and also Perez-Mejia. When the immigration judge asked about whether appeal occurred and probed into his denial as to the second charge, as to trafficking, being associated with traffickers, this case left the pleading stage. And that's all I'd like to say on that, Your Honor. Thank you very much. Thank you to your firm for handling that. Yes, we appreciate that very much. All right. We'll go to the next matter.
judges: Lynn, Pregerson, Nelson